**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Miami Division)**
**www.flsb.uscourts.gov**

In Re:

Leslie Howard Roberts                                   Case No. 23-10086-RAM
Silvia Helena Roberts,                                   Chapter 13

      Debtors,
_____/

**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN (D.E. 19) BY CREDITOR EVE MARIE STORM JOHNSON[1]**

Eve Marie Storm Johnson ("**Creditor**"), by and through undersigned counsel, files the following objections to confirmation of the Chapter 13 Plan filed by Debtors Leslie Howard Roberts and Silvia Helena Roberts ("**Debtors**"), and in support states as follows:

**BRIEF FACTUAL BACKGROUND**

1. On January 5, 2023, the Debtors filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code.[2] (ECF No. 1).

2. On January 19, 2023, the Debtors file their schedules together with a statement of financial affairs. (ECF No. 13).

3. Also, on January 19, 2023, the Debtors filed their statement of current monthly income which reflects income from a business in the amount of $19,000.00. (ECF No. 16).

4. Additionally, on January 19, 2023, the Debtors filed their calculation of disposable income which reflects monthly disposable income of $11,178.75. (ECF No. 17 at p. 8).

---

[1] It is undersigned's understanding that a 100% payment plan for allowed general unsecured creditors is forthcoming; however, until that occurs undersigned is filing an objection to preserve all rights.

[2] 11 U.S.C.§§101, *et seq.*

1

5. The Debtors Schedules list Creditor's claim as $200,000.00; however, the claim amount should be $430,000.00 (Claim No. 16).[3]

6. On June 19, 2023, the Debtors filed a proposed Ch. 13 Plan which proposes to pay unsecured creditors $1,375.26 per month for months 1 to 2 for a total payment of $2,750.52; and $4,125.26 for months 3 to 60 for a total payment of $239,265.08. If the Debtors applied their total monthly disposable income of $11,178.75 they would be able to pay $648,369.24 for months 3 to 60. (ECF No. 19).

7. The Debtors are a wealthy couple who drive a Bentley (ECF No. 13 a p.4) and live in a luxury condo. (ECF No. 13 at p. 3). The Trustee in this case has already objected to the claim of exemptions as to the homestead based on section 522(p) of the Bankruptcy Code due to the purchase occurring in 2021. (D.E. 25).

8. Further, the Debtors' sworn statements reflect luxury jewelry (*Id.* at p. 5) and a business worth over $1,000,000.00. *Id.* at p. 13.

9. The Court should deny confirmation of the Plan or confirm an amended plan which pays all allowed general unsecured creditors 100%.

## ARGUMENT

**I.   The Plan Was Not Proposed in Good Faith as Required By 11 U.S.C. §§ 1307(c), 1325(a)(3) and 1325(a)(7).**

"The Bankruptcy Code imposes the requirement of good faith in the proposal and confirmation of a plan." *In re Weiser*, 391 B.R. 902, 908 (S.D. Fla. BK 2008).

"The Bankruptcy Code expressly provides that a Chapter 13 plan may not be confirmed unless 'the plan has been proposed in good faith and not by any means forbidden by law.'" *Id.* 11

---

[3] The actual amount is higher than this claim; however, Creditor has agreed to a claim of $430,000.00 so long as it is paid as part of a 100% plan to allowed unsecured creditor claims.

2

U.S.C. § 1325(a)(3); *In re Waldron,* 785 F.2d 936, 941 (11th Cir.1986) ("[W]henever a Chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives.").

A debtor's "good faith" or lack thereof must be determined on a case-by-case basis upon a consideration of the totality of the circumstances. *In re Weiser*, 391 B.R. 902, 909 (Bkrtcy.S.D.Fla.,2008) *citing In re Kitchens,* 702 F.2d 885, 888 (11th Cir.1983).

The *Kitchens* factors for good faith include:

(1) the amount of the debtor's income from all sources;
(2) the living expenses of the debtor and his dependents;
(3) the amount of attorney's fees;
(4) the probable or expected duration of the debtor's Chapter 13 plan;
(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
(6) the debtor's degree of effort;
(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
(8) special circumstances such as inordinate medical expense;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;
(11) the burden which the plan's administration would place on the trustee.

*In re Kitchens*, 702 F.2d 885, 888–89 (11th Cir. 1983).

In this case application of *Kitchens* factors supports a finding that the Debtor's plan lacks good faith and should not be confirmed.

For the first factor, the Debtor's amount of the Debtor's income for his household is substantial at $228,000 per year. (ECF No. 16) and the disposable income is $134,145.00.

The second factor, Debtors' luxurious living expenses is against the Debtors.

The fifth factor, the Debtor's motivation for filing, militates against good faith. The Debtor filed this case as a Ch. 13 less than 2 years after purchasing a nearly $700,000 plus condo and after bad results in the case with the Creditor.

**II.     The Plan Does Not Comply With 11 U.S.C. § 1325(b)(1).**

On June 19, 2023, the Debtors filed a proposed Ch. 13 Plan which proposes to pay unsecured creditors $1,375.26 per month for months 1 to 2 for a total payment of $2,750.52; and $4,125.26 for months 3 to 60 for a total payment of $239,265.08.

Debtors are required by 11 U.S.C. § 1325(b)(l) to use all of their projected disposable income "to be received in the applicable commitment period" to pay unsecured creditors. Further, § 1325(b)(3) mandates that an above median income debtor's expenses "shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2) ...". *In re Mulally*, 2007 WL 4556680, at *2 (Bkrtcy.S.D.Fla.,2007) *citing* 11 U.S.C. § 1325(b)(3)(emphasis added).

"Under the means test, the majority of an above median income debtor's expenses are determined using Internal Revenue Service national and local standards plus the Debtor's actual expenses for certain specified categories. Thus, § 1325(b)(3) directs that in calculating projected disposable income, an above median income debtor must use the same expenses that the debtor uses for completing the Form B22C means test." *In re Mulally*, 2007 WL 4556680, at *2 (Bkrtcy. S.D. Fla. 2007).

If the Debtors applied their total monthly disposable income of $11,178.75 they would be able to pay $648,369.24 for months 3 to 60. (ECF No. 19). Accordingly, the Debtor fails to provide for all disposable income to be paid to his unsecured creditors and therefore his Plan should not be confirmed.

## CONCLUSION

The Court should deny confirmation for the reasons set forth above. Creditor reserves the right to amend and supplement these objections upon completion of discovery and investigation.

WHEREFORE, Creditor respectfully requests the Court deny confirmation of the Plan or approve an amended plan which pays general allowed unsecured claims; and grant any further relief the Court deems appropriate.

Respectfully submitted this February 27, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2023, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

**BEIGHLEY, MYRICK, UDELL & LYNNE, PA**
*Attorneys for Creditor*
2385 Executive Center Drive, Suite 250
Boca Raton, FL 33431
Phone: 561-549-9036
Fax: 561-491-5509
tzeichman@bmulaw.com

By: /s/ Thomas G. Zeichman
    THOMAS G. ZEICHMAN
    Florida Bar No. 99239