UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
-------------------------------------------------------------X
In re:

LESLIE HOWARD ROBERTS
AND SYLVIA HELENA ROBERTS,            Chapter 13
                                       Petition No. 23-10086-RAM

                Debtors,
-------------------------------------------------------------X
NICHOLAS BRIDGER,

                Plaintiff,

   -against-                                Adv. Pro. No.  20-_____(RDD)

LESLIE HOWARD ROBERTS,

                Defendant.
-------------------------------------------------------------X

## Complaint

Plaintiff Nicholas Bridger, by his attorneys Mazzola Lindstrom LLP, for his complaint against debtor/defendant Leslie Howard Roberts alleges as follows:

### Nature of the Action

1. By this adversary proceeding, plaintiff Bridger seeks a determination of non-dischargeability of the debtor/defendant Roberts' debts owed to him pursuant to §§ 105 and 523(a)(2) of the Bankruptcy Code.

### Parties

2. Upon information and belief, at all times hereinafter mentioned Leslie Howard Roberts was and is an individual residing at 495 Brickell Ave. #632, Miami, Florida 33131 at the time of the filing of his bankruptcy and still resides at that address.

3. Roberts filed a voluntary petition under Chapter 13 of the Bankruptcy Code on January 5, 2023 (the "Filing Date").

4. Plaintiff Bridger is an individual and resident of the United Kingdom, is a creditor of Roberts, and is owed the amount of $447,697.33 as of the Filing Date, pursuant to Roberts' proof of claim that was filed with the court on February 10, 2023 as claim number eight, and amended on April 4, 2023.

### Jurisdiction and Venue

5. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157(a) and venue is proper under 28 U.S.C. §1409.

6. This is a core proceeding pursuant to 11 U.S.C. §523 and 28 U.S.C. §157(b)(2)(J).

### Facts

7. Debtor Roberts was the owner of the VIA Art Gallery and the Grove Fine Art Gallery, both of which were located in Miami. He is now the owner of Miami Fine Art Gallery, also located in Miami. Upon information and belief, the VIA and Grove galleries are no longer in operation.

8. Plaintiff Bridger purchased many artworks from Roberts and VIA in 2017. Roberts confirmed in a November 1, 2017 email that the total for all purchases, including the American Express fee, was $774,002.00, and that Bridger at that time had paid $302,333.00 (partially paid through AmEx and partially by wire transfer and other credit cards) for the following works:

- "Shark Barcode" by Banksy
- "Laugh Now" by Banksy
- "NOLA White" by Banksy
- "NOLA Yellow" by Banksy
- "Pulp Fiction" by Banksy
- "Pooh Trap" by Banksy
- "Kate Moss Set" by Banksy
- "New Release Basq." by Banksy
- "NOLA Pink" by Banksy

2

- "NOLA Orange" by Banksy
- "Balloon Girl" by Banksy
- "Heavy Weapon" by Banksy
- "Kids On Guns" by Banksy
- "Radar Rat" by Banksy
- "Dorothy (Stop and Search)" by Banksy
- "Flower Bombers Love is in the Air Set" by Banksy
- "Jack & Jill" by Banksy
- "Laugh Now" Sculpture by Banksy
- "Pink Doughnut" by Banksy
- "No Ball Games" by Banksy
- "Bomber Hugger" by Banksy
- "Happy Copper" by Banksy
- "Love Rat" by Banksy
- "Gangsta Rat" by Banksy
- "Napalm" by Banksy
- "Toxic Mary Silver" by Banksy
- "Sale Ends" by Banksy

9.  Bridger also made the following purchases from Roberts and Grove in 2019, totaling $55,500, which were paid in full by wire transfers through Currencies Direct via HSBC and various personal credit cards:

- "Space One" by Invader
- "MIA_11" by Invader
- "MIA_14" (Gold Reactivation Tile Original) by Invader
- "Summer Sky," limited edition 25/25 by David Hockney

10. Roberts never delivered any of the artworks, save for "Space One, "MIA_11," and "MIA_14," by the French street artist Invader. At or around November 10, 2022, Bridger discovered that all three works were forgeries.

11. Bridger demanded a refund for his purchases in the summer of 2017, including purchases made with his AmEx card. Bridger personally paid off this credit card in full in October 2018.

12. While Roberts represented that he had processed the refund request on multiple occasions via email in 2017, Bridger did not receive the full refund. This led to a formal dispute on December 18, 2017 with both Square (the payment processor) and AmEx for transactions totaling $266,232.33. Later, the disputed amount changed to $241,432.33, as the following charges had been refunded, which refunds totaled $24,800.00:

- September 13, 2017: VIA ART GALLERY $10,300.00
    - Refunded Sept 15, 2017
- October 14, 2017: WWW.VIAARTGALLERY.NE $2,500.00
    - Refunded Dec. 13, 2017
- October 18, 2017: WWW.VIAARTGALLERY.NE $3,500.00
    - Refunded Dec 13, 2017
- October 21, 2017: WWW.GROVEFINEART.COM $2,000.00
    - Refunded Nov. 15, 2017
- October 21, 2017: WWW.VIAARTGALLERY.NE $1,500.00
    - Refunded Nov. 16, 2017
- October 21, 2017: WWW.VIAARTGALLERY.NE $5,000.00
    - Refunded Nov. 16, 2017

13. Roberts and VIA never disputed that they owed Bridger the moneys claimed. During the dispute, Square and AmEx advised both parties not to dispute the amounts but to allow the galleries to process the refunds (as that would be faster than disputing the charges). For months, Roberts represented that he had repeatedly authorized Square to process the refunds, blamed Square for failing to do so, and insisted that Square had deactivated his account. Multiple emails between Bridger, Roberts and Square were sent to AmEx in support. However, Bridger never received any additional refunds.

14. On June 22, 2018, Roberts became aware that Bridger lost his toddler-aged daughter in 2018. He took advantage of Bridger's grief by soliciting him to purchase artworks by Invader in emails starting from July 17, 2019, and indicated in an email dated July 26, 2019 that he could get Bridger an original for a great price. Bridger was misled to believe that all artworks that he purchased were authentic, and was provided a certificate of authenticity in French for the Invader works.

15. On November 10, 2022, an individual who worked with Invader verified by email that the works were forgeries and that the letter of authenticity was "a scam."

16. Of the total paid to Roberts and his galleries – $447,697.33 – Bridger only received refunds totaling $24,800, plus three worthless forgeries.

**Cause of Action: Fraud and Declaration of Non-Dischargeability**

17. Plaintiff Bridger repeats and reiterates the allegations set forth above as if fully set forth herein.

18. Section 523(a)(2) of the Bankruptcy Code provides that a discharge does not discharge a debtor from any debt "obtained by fraud, false pretenses or a false representation."

19. As alleged above, Roberts induced Bridger to purchase certain artworks, by representing that certain works were authentic, and that the others were in Roberts' and his galleries' possession. At the time of such representations, Roberts knew them to be false.

20. That is, Roberts (and his galleries) did not have possession of the artworks (or otherwise have the right to sell them), and those that he purported to deliver were in fact forgeries.

21. Roberts knew that these misrepresentations were false when he made them.

22. Roberts made these misrepresentations in order to induce Bridger to purchase them.

23. But for Roberts' false representations, Bridger would not have purchased the artworks.

24. Roberts' representations, being fraudulent, were thus *ultra vires*, for which he remains personally liable.

25. By reason of the foregoing, Bridger was damaged in an amount in excess of $447,697.33, together with interest, to which he is entitled to judgment thereon, as well as the costs, disbursements, and expenses of this adversary proceeding.

26. Debtor Roberts' obligation to Bridger arises out of fraudulent representations and is therefore nondischargeable pursuant to §523(a)(2) of the Bankruptcy Code.

27. By reason of the foregoing, Bridger is entitled to a judgment determining that Debtor Roberts' obligations to him are nondischargeable pursuant to §523(a)(2) of the Bankruptcy Code.

**WHEREFORE**, plaintiff Nicholas Bridger requests that this court enter a judgment in his favor, and against debtor/defendant Leslie Howard Roberts (i) determining that the debtor's liabilities to plaintiff Bridger are nondischargeable pursuant to §523(a)(2) of the Bankruptcy Code; (ii) determining that the debtor's liabilities to plaintiff Bridger are nondischargeable pursuant to §105(a) of the Bankruptcy Code, and (iii) awarding plaintiff Bridger reasonable attorney's fees and costs; and (iv) granting any additional relief that the court deems reasonable and equitable.

Dated: New York, New York
      April 10, 2023

                                              By:    /s/ Jean-Claude Mazzola
                                                      Jean-Claude Mazzola
                                                      Mazzola Lindstrom LLP
                                                      Attorney for Plaintiff, Nicholas Bridger
                                                      1350 Avenue of the Americas
                                                      Second Floor
                                                      New York, New York 10019